

**U.S. Department of Justice**

*United States Attorney's Office*
*Western District of Wisconsin*

*Telephone 608/264-5158*
*Administrative Facsimile 608/264-5183*
*Civil Division Facsimile 608/264-5724*
*Criminal Division Facsimile 608/264-5054*

_Address:_
*222 W. Washington Avenue*
*Suite 700*
*Madison, Wisconsin 53703*

March 11, 2026

District Court Judge William M. Conley
United States Courthouse
Courtroom 460
120 North Henry Street
Madison, WI 53703

      Re:    *United States of America v. Jamar M. Purnell et al*
             25-cr-63-wmc

Dear Judge Conley:

The Court indicated it is inclined to sever the defendants in this case and hold multiple trials, but has allowed the Government the opportunity to propose an alternative severance plan than the one proposed by Magistrate Judge Boor in her March 3, 2026 order (Dkt. 300). For the reasons stated in its March 5, 2026, letter (Dkt. 319), the Government maintains its opposition to having multiple trials. Should the Court continue with its inclination to sever the case, the Government proposes the following plan.

The case would be split into two trials. The first trial would be comprised of defendants Kyle Haag, Anthony Hohenstein, Waylon Degenhardt, and Alisha Lavine. These defendants all share similar roles as sub-distributors for the Purnell Drug Trafficking Organization (DTO).

March 11, 2026
Page 2

The second trial would be comprised of defendants Yasir Stackhouse, Shavarim

Wicks, Dajuea Purnell, William Marshall, and Treagir Sander. These individuals, with

the exception of Sander, represent the remaining defendants who form the core of the

DTO. The Government proposes including Sander in this group for two reasons. First,

the inclusion of one sub-distributor, like Sander, would provide the jury with the full

scope of the DTO, with defendants including a leader, primary distributors, a courier,

and a sub-distributor. Second, at the telephonic conference held on March 3, 2026,

counsel for Sander specifically indicated his intent to go to trial.

In its original order, the Court indicated its intention to hold trial for Defendants

DuBois, Corrado, and Degenhardt on April 13, 2026.  Dubois has pleaded guilty and

Corrado has signed a plea agreement, leaving only Degenhardt as a potential defendant

on that date.  It would be an inefficient use of time and resources to have a trial for the

single remaining defendant.[1]

Therefore, the Government asks the Court to strike the April 13, 2026, trial and

schedule a telephonic scheduling conference to reschedule the two new trials in the

groups proposed above.  Assuming the April trial date is stricken, the government asks

that all dates associated with it, including A/V and confidential informant disclosure

deadlines, be stricken as well.

---

[1] While we have not yet received a signed plea agreement from Degenhardt, at the pretrial conference on March 3, 2026, Degenhardt's attorney indicated he was unlikely to go to trial, making it even less efficient to leave the April 13 trial date on the calendar.

March 11, 2026
Page 3

The Government continues to pursue resolutions, as exemplified by multiple

plea letters being filed in the past week. The Government expects that additional

defendants will plead, which will further alleviate the Court's logistical concerns about

trials with numerous defendants.

Very truly yours,

CHADWICK M. ELGERSMA
United States Attorney

By: /s/                          
STEVEN P. ANDERSON
KATHRYN GINSBERG
Assistant United States Attorney